**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RENEE MALLORY-BEY,

Plaintiff,

Case No. 23-CV-10289-DT

v.

HON. DENISE PAGE HOOD

MALESIA INVESTMENTS, LLC,

Defendant.
_________________________________/

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES (#2), MOOTING MOTION TO APPOINT COUNSEL, and SUMMARILY DISMISSING AND CLOSING ACTION**

Before the Court is Plaintiff Renee Mallory-Bey's Application to Proceed Without Prepaying Fees or Costs. A review of the application supports her claim of pauper status. The Court grants Plaintiff *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the action as frivolous and for failure to state a claim upon which relief may be granted.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from

such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

On February 3, 2023, Plaintiff filed the instant Complaint against Defendant Malesia Investments, LLC. Plaintiff alleges that on September 26, 2022, Judge Alicia

A. Jones-Coleman entered a Judgment against her for failure to appear that day in court, even though Plaintiff asserts she did appear and that Judge Jones initially told her she was in the wrong courtroom. (ECF No. 1, PageID.5) Plaintiff seeks an order for her whole lease to be paid in the amount of $10,000. *Id*. Plaintiff cites 15 U.S.C. § 1692 to support her federal question jurisdiction claim. *Id.* at PageID.4.

Plaintiff appears to have brought an action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. "In order to establish a claim under § 1692e: (1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise out of transactions which are 'primarily for personal, family or household purposes;' (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated '§ 1692e's prohibitions.'" *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012); *Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 803 (E.D. Mich. 2016).

After reviewing the Complaint filed by Plaintiff, the Court finds Plaintiff failed to follow the rules of pleading set forth in Rule 8(a) of the Rules of Civil Procedure which requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Even liberally construing the Complaint filed by Plaintiff, the Court finds that Plaintiff failed to allege any factual grounds showing

that Plaintiff is entitled to any relief from the Defendant. Specifically, Plaintiff fails to allege any facts as to how Defendant is 'debt collector' as defined by the Act. Plaintiff also fails to allege any facts as to how Defendant violated '§ 1692e's prohibitions.'

If Plaintiff is seeking review of the State Court's judgment mentioned in her Complaint, the Court declines to review any orders or judgments entered by the State Court. A United States District Court has no authority to review final judgments of a state court judicial proceedings. Review of such judgments may be had in the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). To the extent that a District Court is requested to review a State Court's order, the District Court lacks subject-matter jurisdiction over those complaints. Lower federal courts possess no power whatever to sit in direct review of state court decisions. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's complaint, then the district court is in essence being called upon to review the state-court decision, which the district court may not do. *Id.* at 483.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Renee Mallory-Bey's Application to Proceed

*In Forma Pauperis* Without Prepaying Fees or Costs **(ECF No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the action is DISMISSED for failure to state a claim upon which relief may be granted and this action is designated as CLOSED on the docket.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel **(ECF No. 4)** is DENIED as MOOT.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

*s/Denise Page Hood*
DENISE PAGE HOOD
United States District Judge

DATED: February 17, 2023